IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **COLBY LEE APLIN,** | 6:17-cv-01222-MO |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **OREGON DEPARTMENT OF CORRECTIONS,** et al., | |
| Defendants. | |

**MOSMAN, J.,**

This matter comes before me on Defendants' Motion for Summary Judgment [45] and Motion to Stay Discovery [55]. Plaintiff also filed a Motion for Court Order and a Motion to Hold Summary Judgment in Abeyance [54].

For the reasons given below, I GRANT in part and DENY in part Defendants' Motion for Summary Judgment [45]. I further DENY Plaintiff's Motion for Court Order [53], based on Defendants' representation that they have not received any discovery request from Plaintiff. Having ruled on the Motion for Summary Judgment, I also DENY as moot Plaintiff's Motion to Hold Summary Judgment in Abeyance [54], and DENY as moot Defendants Motion to Stay Discovery [55].

1 – OPINION AND ORDER

**BACKGROUND**

On August 7, 2017, Plaintiff Colby Aplin ("Plaintiff"), pro se, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights. Compl. [1] at 1.

Plaintiff alleges the following facts: Sometime between 2014 and 2015, while Plaintiff was incarcerated in Snake River Correctional Institute ("SRCI"), two officers, twin brothers with the last name Golem, sexually assaulted Plaintiff in a cleaning closet in unit 2G. Compl. [1] at 2–3; Response [60] at 3. Plaintiff reported the sexual assault to the governor's office and to the Prisoner Rape Elimination Act ("PREA") Reporting Department. Compl. [1] at 2. Plaintiff received a letter in response, which said that Defendants Lieutenant King and Lieutenant Morhorse would be in charge of the investigation. Compl. [1] at 2–3. But instead of investigating the matter, the Lieutenants moved Plaintiff to unit 3E, told Plaintiff to never speak of the sexual assault again, and assigned one of the officers who sexually assaulted Plaintiff to monitor 3E. Compl. [1] at 3. Plaintiff later moved out of SRCI and to the Oregon State Correctional Institute ("OSCI"). *See* Compl. [1] at 3.

Plaintiff further alleges that in 2017, while Plaintiff was located at OSCI, Plaintiff told Defendant Captain Wagner that nobody investigated the assault. Compl. [1] at 3. Captain Wagner responded that two police officers would interview Plaintiff within two weeks. Captain Wagner, however, never contacted the police. Compl. [1] at 3. Plaintiff then filed a grievance. Compl. [1] at 3. Plaintiff's mother also contacted officials to ask why the investigation had not begun; she was informed that Captain Wagner did not report the sexual assault, and instead he notified the officers involved. Compl. [1] at 3. In July, Plaintiff contacted the Special Investigations Unit, and was told that Plaintiff would receive updates and have the opportunity to

make a statement to the police. Compl. [1] at 3. But Plaintiff did not receive further communications. Compl. [1] at 3. Plaintiff reports a "continued fear of being released without the 'The Golem Brothers' being held accountable." Compl. [1] at 3.

Plaintiff's Statement of Claim alleges that Defendants violated the Plaintiff's right "to be free from the fear of offensive bodily contact and to be free from actual offensive bodily contact," since Plaintiff reported the "fear of secondary attack because the defendants Threatened to kill [Plaintiff]" if the sexual assault were reported. Compl. [1] at 4. Plaintiff further alleges that Defendants "have intentionally denied a response and legal action against" the officers involved in the sexual assault. Compl. [1] at 4.

Defendants move for summary judgment, arguing that Plaintiff's claim is barred by the statute of limitations. Defs. Mot. for Summ. J. [45] at 2. Defendants submitted evidence that Plaintiff was housed at SRCI from September 10, 2014 to December 9, 2015, and again from August 25, 2016 to January 25, 2017. Taylor Decl. [47] at 2, Ex. 1 at 1. Plaintiff was in unit 2G at SCRI from December 18, 2014 to February 3, 2015; moved to disciplinary segregation for three days from February 3, 2015 to February 6, 2015; and then moved to unit 3E until September 22, 2015. Taylor Decl. [47] at 2, Ex. 1 at 1. Since Plaintiff says the sexual assault occurred when Plaintiff was housed in unit 2G, it would have necessarily occurred before February 3, 2015, when she was moved to administrative segregation and then to a different unit.

Defendants also submitted evidence that Plaintiff filed a grievance regarding the sexual assault on April 7, 2017. Taylor Decl. [47], Ex. 3 at 1–4. The grievance alleges that "Officer Joe and his twin brother" sexually assaulted Plaintiff at unit 2G; that Plaintiff reported the incident to the PREA reporting department by letter; that Plaintiff was interviewed by Lieutenants King and

Morhorse; and that they advised Plaintiff "not to ever report the situation, and if [Plaintiff] did they would have no trouble finding a c/o to kill [Plaintiff]." Taylor Decl. [47], Ex. 3 at 1–4.

Plaintiff's second response to the Motion for Summary Judgment attached a grievance that describes the assault that was signed by Plaintiff and dated March 28, 2017. Response to Mot. for Summ. J. [60] Ex. 3; *see also id.* Ex. 4 (Informational report citing March 28, 2017 grievance). A stamp notes that it was "RECEIVED" on March 30, 2017 by the OSCI Grievance Coordinator. Response to Mot. for Summ. J. [60] Ex. 3. Plaintiff also suggests that Defendants intentionally omitted "my first grievance of 2/12/2017." Response to Mot. for Summ. J. [60] at 4. Plaintiff later states "I reported this assault through an Inmate Communication Form on 4/12/2015 [that stated] 'is it considered a sinister issue for transgender [sic] to have sex with a staff member for drugs and money[?]'" Response to Mot. for Summ. J. [60] at 12.

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute of material fact, viewing the evidence in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(a). A genuine dispute of a material fact is "one that could reasonably be resolved in favor of either party." *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citation omitted). This rule exempts pro se inmates from strict compliance with the summary judgment rules, but it does not exempt them from all compliance. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("This rule relieves pro se litigants from the strict application of procedural rules and demands that a court not hold missing or inaccurate legal terminology or muddled draftsmanship

against them." (emphasis added); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (even if the petitioner's filings were construed liberally, he still failed to identify evidence supporting his claim).

## DISCUSSION

Defendants argue that the applicable statute of limitations "bars Plaintiff's claims in this action," Mot. Summ. J. [45] at 3, or at least bars "all claims and allegations occurring prior to August 7, 2015," Mot. Summ. J. [45] at 4.

42 U.S.C. § 1983's statute of limitations period is determined by the forum state's statute of limitations for personal injury torts. *Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989). Oregon's statute of limitations period for personal injury torts is two years. ORS 12.110(1). The statute of limitations begins to run on the date the plaintiff's claim "accrues," which is determined by federal law. *Lukovsky v. City & County of San Francisco,* 535 F.3d 1044, 1048 (9th Cir. 2008). An action "accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012). "[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."[1] *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

The evidence demonstrates that the sexual assault occurred before February 3, 2015: Plaintiff alleges that it occurred while Plaintiff was housed at unit 2G sometime during 2014–2015, and Defendants' uncontested declaration and exhibits show that February 3, 2015 was the last day Plaintiff was housed in 2G. Since Plaintiff had reason to know of the sexual assault

---

[1] In their Reply to Plaintiff's Second Response, Defendants suggest otherwise: "Plaintiff argues that a delay in filing her initial Complaint should be acceptable due to grieving the matter internally. State Defendants' Motion for Summary Judgment does not argue a failure to exhaust administrative remedies. Plaintiff's internal grievance does not constitute a filing of the action in court." Defendants' Reply [61] at 3 (citations omitted). But this argument ignores that under some circumstances, a statute of limitations may be tolled while the prison pursues mandatory administrative grievance procedures. *See Soto v. Sweetman*, 882 F.3d 865 (9th Cir. 2018).

5 – OPINION AND ORDER

when it occurred, the claim accrued on February 3, 2015 at the latest. Applying Oregon's two year statute of limitations, the statute of limitations period for the sexual assault ended February 3, 2017. Plaintiff's evidence also demonstrates that Plaintiff did not file a grievance involving these allegations until February 12, 2017[2] at the earliest, so the period of limitations was never tolled. Because Plaintiff did not file a complaint until August 7, 2017, Defendant contends the claim is barred by the statute of limitations.

Plaintiff responds that the statute of limitations under O.R.S. 131.125 should apply. Response to Mot. for Summ. J. [49] at 1. But that statute of limitations applies to criminal prosecutions. *See* O.R.S. 131.125. In the second response, Plaintiff argues that continued discovery is needed in order to address the Motion for Summary Judgment. *See* Response to Mot. for Summ. J. [60]. But Plaintiff does not explain how additional discovery would allow the claim to avoid the statute of limitations. Finally, Plaintiff argues that the Prison Rape Elimination Act "overrules the prison's grievance requirement," but cites no case law for the proposition that the Act or its regulations override the statute of limitations. *See id.* at 5. The fact that grievance procedures remain available does not necessarily mean that the statute of limitations has not run. *See Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) (emphasizing that the claim accrues when plaintiff has reason to know of injury and not when plaintiff exhausts grievance procedures and holding that period of limitations had run before plaintiff finished exhausting his claims).

Thus, I GRANT in part Defendants' Motion for Summary Judgment to the extent Plaintiff's claim concerns the assault itself. I DENY as to possible claims arising from the other

---

[2] Plaintiff only attaches the March 28, 2017 grievance, but alleges that the "first grievance" was filed on February 12, 2017. Response to Mot. for Summ. J. [60] Ex. 3; *id.* at 4. Plaintiff later states "I reported this assault through an Inmate Communication Form on 4/12/2015," but does not attach evidence of that report and does not indicate whether the inmate communication form constituted a grievance; in any case, the description of the communication ("is it considered a sinister issue for transgender [sic] to have sex with a staff member for drugs and money[?]'") does not mention the assault itself. *See id.* at 12. Thus, I consider February 12, 2017 the earliest date that a grievance could have been filed.

6 – OPINION AND ORDER

acts and omissions that Plaintiff alleges but that Defendants do not address in their Motion for Summary Judgment. Specifically, Plaintiff alleges that Defendants failed to investigate the assault; that Defendants acted with deliberate indifference by assigning one of the officers who assaulted Plaintiff to monitor Plaintiff; that Defendants threatened to retaliate against Plaintiff if the sexual assault were reported; and that Defendants treated Plaintiff differently because Plaintiff is intersex or transgender.

## CONCLUSION

For the reasons given above, I GRANT in part Defendants Motion for Summary Judgment [45]. I GRANT as to Plaintiff's claims arising out of the sexual assault itself, and DENY as to other post-assault allegations. I further DENY Plaintiff's Motion for Court Order [53], based on Defendants' representation that they have not received any discovery requests from Plaintiff. Having ruled on the Motion for Summary Judgment, I also DENY as moot Plaintiff's Motion to Hold Summary Judgment in Abeyance [54], and DENY as moot Defendants Motion to Stay Discovery [55].

IT IS SO ORDERED.
DATED this 8th day of May, 2018.

MICHAEL W. MOSMAN
Chief United States District Judge