IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **COLBY LEE APLIN,** | No. 6:17-cv-01222-MO |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **OREGON DEPARTMENT OF CORRECTIONS,** et al., | |
| Defendants. | |

**MOSMAN, J.,**

Defendants Oregon Department of Corrections ("ODOC"), Brooks, Grendahl, Kile, King, Mordhorst, Serrano, Wagner, and Peters (collectively "State Defendants") move for summary judgment on multiple grounds. Plaintiff, Colby Lee Aplin ("Aplin"), also moves for summary judgment in her favor. For the reasons discussed below, I DENY Aplin's Motion [156] and GRANT the State Defendants' Motion [126].

### BACKGROUND

When she filed her Complaint, Aplin was a prisoner in the custody of the ODOC. [1 at p. 5]. She brings her pro se Complaint against State Defendants under 42 U.S.C. § 1983, alleging that she was sexually assaulted at the Snake River Correctional Institution ("SRCI") "around 2014-2015." [1 at p. 2-3]. Aplin claims the State Defendants failed to investigate a sexual assault that occurred in 2014 or 2015. [*Id.* at p. 3]. She alleges they acted with deliberate indifference to her claims when, instead of investigating, they moved her to a different unit, told

1 – OPINION AND ORDER

her to never speak of the sexual assault again, and assigned one of the officers who sexually assaulted her to monitor her unit. [*Id.*]. Aplin also alleges State Defendants threatened retaliation against her if she reported the assault and treated her differently because she is, or identifies as, intersex. [*Id.* at p. 7].

I dismissed Aplin's claims arising out of the sexual assault itself with prejudice on May 8, 2018, on the grounds the applicable two-year statute of limitations barred these claims. [65]. I declined to dismiss Aplin's other claims arising from the post-assault acts and omissions she alleges—failure to investigate, deliberate indifference, retaliation, and disparate treatment based on being, or identifying as, intersex—because State Defendants did not address these claims in their summary judgment motion. On October 25, 2018, I dismissed the Golem brothers from this lawsuit without prejudice for failure to serve. [139].

## LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute of material fact, viewing the evidence in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(a). A genuine dispute of a material fact is "one that could reasonably be resolved in favor of either party." *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence, that there remains a "genuine issue for trial." *Id.* at 324.

The non-moving party may not rely on the pleading allegations, *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P 56(e)), or "unsupported conjecture or conclusory statements," *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the

light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The district court should "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (citation omitted). This rule exempts pro se inmates from strict compliance with the summary judgment rules, but it does not exempt them from all compliance. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). For instance, pro se inmates must still identify evidence supporting their claims. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (even if the petitioner's filings were construed liberally, he still failed to identify evidence supporting his claim).

## DISCUSSION

Aplin's Complaint alleges that State Defendants' post-assault conduct violates her rights under the Fourth, Eighth, and Fourteenth Amendments. State Defendants seek summary judgment on Aplin's claims on several grounds. Aplin captioned one of her filings in opposition to State Defendants' Motion "Plaintiffs [sic] Motion for Summary Judgment and Opposition to 'Defendants' Summary Judgment." Accordingly, I construe Aplin's filing as a response and a summary judgment motion.

### I. Aplin's Summary Judgment Motion

Aplin's Motion for Summary Judgment [156] does not set forth the grounds on which she is entitled to judgment as a matter of law. Even construing Aplin's filing liberally, she failed to meet her burden to identify the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323 (noting the party moving for summary judgment bears the initial burden for a motion of identifying the absence of a genuine issue of material fact). Accordingly, I deny Aplin's Motion.

///

///

3 – OPINION AND ORDER

## II. State Defendants' Summary Judgment Motion

### A. ODOC Cannot be Sued Under Section 1983

State Defendants correctly assert that section 1983 does not allow for lawsuits against states or state agencies. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1983) (finding states may not be sued under section 1983). State agencies like the ODOC "are not 'persons'" under section 1983. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citations omitted) (noting "'arms of the state' such as the Arizona Department of Corrections are not 'persons' under section 1983). Accordingly, I grant State Defendants' Motion for Summary Judgment on claims against the ODOC.

### B. State Defendants Assert the Two-Year Statute of Limitations Bars Aplin's Post-Assault Claims

State Defendants assert that any of Aplin's post-assault allegations of failure to investigate, deliberate indifference, retaliation, and disparate treatment based on being, or identifying as, intersex that stem from events that happened before August 7, 2015, are time barred by the two-year statute of limitations.

The forum state's statute of limitations for personal injury torts determines the statute of limitations for a section 1983 claim. *Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989). Oregon has a two-year statute of limitations for personal injury torts. ORS 12.110(1). The statute of limitations begins to run on the date a plaintiff's claim accrues. *Lukovsky v. City and Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). An action "accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2005).

State Defendants' evidence shows that the threats of retaliation against Aplin for reporting the sexual assault happened close to the time of the sexual assault, which occurred

before Aplin was moved from unit 2G on February 3, 2015.[1] Aplin's March 28, 2017, grievance described the sexual assault and the threat of retaliation for reporting it. [128 at ¶ 6, Ex. 2]. Her appeal of the denial of the March 2017 grievance described the "incidents" as "takin[g] place in 2014-2015." [*Id.* at Ex. 2, p. 3]. Aplin, however, offers other evidence that puts the threat of retaliation even earlier, to sometime before January 5, 2015. A letter she wrote to her partner dated January 4, 2015, and post-marked January 5, 2015, states "[t]he Lt made the threat her name is Lt. Morhorse." [157 at pp. 7-10; 164 at p. 164 at pp. 2 and 7].

Since Aplin had reason to know of the threat of retaliation when it occurred, the claim accrued on January 5, 2015, at the latest. Under Oregon law, the statute of limitations period for the retaliation claim ended January 5, 2017. The evidence also demonstrates that Aplin did not file a grievance involving these allegations until March 28, 2017, at the earliest, so the period of limitations was not tolled while she completed the mandatory exhaustion process. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (indicating in some circumstances the use of the mandatory prison grievance process tolls the applicable statute of limitations). I find the applicable two-year statute of limitations bars Aplin's retaliation claim and grant State Defendants' Motion for summary judgment on the retaliation claim on that basis.

### C. State Defendants Assert Aplin Failed to Exhaust her Remedies for all her Claims

State Defendants assert they are entitled to summary judgment because Aplin failed to exhaust her administrative remedies before filing this action. The Prison Litigation Reform Act ("PLRA") requires that prisoners exhaust all available prison administrative remedies before

---

[1] Aplin alleges the sexual assault occurred while she was housed in unit 2G. [128 at Ex. 2, p. 5]. I found in my May 2018 Order that the uncontested evidence established that the last day Aplin was housed in unit 2G was February 3, 2015. [65 at p. 5].

5 – OPINION AND ORDER

filing an action under any federal law. 42 U.S.C. § 1997e(c)(2); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (noting prisoners must exhaust administrative remedies before filing suit, not during the pendency of the action). Exhaustion requires appealing the grievance decision to the highest level within the grievance system. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). Individuals who are prisoners at the time they file suit must comply with the PLRA's exhaustion requirements. *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009).

Prisoners in the ODOC's custody are informed of the process for filing grievances during an inmate orientation when they first arrive at the prison. [130 at ¶ 7]. Information about filing grievances is also contained in the inmate handbook. [*Id.*]. The ODOC's rules generally require that prisoners submit grievances within thirty calendar days of the date of the event giving rise to the grievance. [*Id.* at ¶ 10].

### 1. Failure to Investigate and Deliberate Indifference

State Defendants have submitted evidence showing that none of the four grievances Aplin filed during her time at SRCI complained of deliberate indifference by assigning an officer who sexual assaulted her to monitor her or of failure to investigate a sexual assault. [128 at ¶ 4]. The only suggestion Aplin made of a failure to investigate a sexual assault was in a May 2017 grievance appeal when she stated that "the investigation should have taken place in 2014-2015 when the incident occurred." [*Id.* at Ex. 2, p. 3]. The initial grievance that she was appealing did not mention a failure to investigate. [*Id.* at p. 5]. The administrative rules governing grievances, however, require prisoners to include a "complete description of the incident being grieved" and do not allow appeals to expand the scope of the grievance. OAR 291-109-0140(1)(b).

Ms. Aplin declares that she advised a prison official in April 2015 that she was having sex with staff for money and drugs and that this was a "call for help." [158 at ¶ 6]. Even the most liberal construction of this statement—including the assumption that it qualifies as a grievance—does not mention either a failure to investigate or deliberate indifference. Accordingly, I find that the undisputed evidence viewed in a light most favorable to Aplin shows a failure to exhaust and State Defendants are entitled to summary judgment on her failure to investigate and deliberate indifference claims.

### 2. Retaliation

Although the two-year statute of limitations bars Aplin's retaliation claim, the undisputed evidence also shows she failed to exhaust this claim. Aplin's March 2017 grievance complained of being sexually assaulted and receiving a death threat if she reported it. [128 at ¶ 6, Ex. 2, p. 5]. SRCI responded on April 20, 2017. [*Id.* at Ex. 2 p. 4]. If a prisoner is dissatisfied with the initial response to her grievance, she may appeal the response in a two-level system of review. [130 at ¶ 13]. Aplin filed a first appeal, and SRCI responded. [128 at ¶ 6 and Ex. 2, p. 4]. Aplin, however, never filed a second appeal. [*Id.* at ¶ 6 and Ex. 2, p. 3]. Because Aplin did not appeal the response to her March 2017 grievance to the highest level in the ODOC's grievance system (the second appeal), she has failed to exhaust, and State Defendants are entitled to summary judgment on this claim on this basis as well.

### 3. Disparate Treatment Based on Being, or Identifying as, Intersex

State Defendants have submitted evidence showing that Aplin fully exhausted only one of the multiple grievances or discrimination complaints that she filed regarding being treated differently because she is, or identifies as, intersex. Regarding the others, Aplin did not appeal the responses to these grievances and complaints to the highest level in ODOC's grievance

system. Thus, she did not fully exhaust the grievances regarding the following allegations: (1) lack of a chromosome test; (2) not being measured for transgender underwear; (3) not receiving a female product order form; (4) an unclothed search; (5) wanting to be able to remove her shirt outside because she is a "gender fluid man;" (6) not being able to take lip gloss outside; (7) makeup, a search that involved the contents of her bra, and a housing move; and (8) an officer touching her breast during a pat-down search and being addressed as "he-she." [130 at ¶¶ 17-23 and ¶¶ 38-31, Exs. 3-7, 9-12; 128 at ¶ 5; and 129 at ¶ 4]. Accordingly, State Defendants are entitled to summary judgment on these claims for failure to exhaust.

The only grievance regarding different treatment based on being, or identifying as, intersex that Aplin exhausted complains about not being allowed to grow out her nails. [130 at ¶28, Ex. 9]. Aplin filed this grievance she was housed at the Oregon State Correctional Institute ("OSCI"), not SRCI. [130 at Ex. 9, p. 2]. The grievance does not allege that any of the Defendants named in this Complaint were personally involved in preventing her from growing out her nails. [130 at Ex. 9]. "Liability under [section]1983 arises only upon a showing of personal participation by defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Because there is no allegation that any of the Defendants named in this action participated in preventing Aplin from growing out her nails, they are entitled to summary judgment on this claim.

///
///
///
///
///

## CONCLUSION

I DENY Aplin's Motion [156] for Summary Judgment and GRANT State Defendants' Motion [126] for Summary Judgment. I dismiss Aplin's retaliation claim and her claims against the ODOC with prejudice. I dismiss Aplin's claims for which failure to exhaust provides the sole basis for granting summary judgment—her claims of deliberate indifference and disparate treatment based on being, or identifying as, intersex—without prejudice.

IT IS SO ORDERED.

DATED this 5 day of March 2019.

MICHAEL W. MOSMAN
Chief United States District Judge